IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-cv-3728 |
| | § | |
| ALL AMERICAN GLASS | § | |
| DISTRIBUTORS, INC. d/b/a American | § | |
| Glass Distributors and | § | |
| AMERICAN HOUSTON GROUP, | § | |
| LTD d/b/a American Glass Distributors, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Edward Johnson's Opposed Motion to Continue the Deadline for Plaintiff to Respond to Defendant All American Glass Distributors, Inc.'s Motion for Summary Judgment (the "Motion") [Doc. # 29]. Having reviewed the record and the pertinent legal authorities, the Court **grants** the Motion with a modification.

I. **BACKGROUND**

Plaintiff Johnson alleges that he was employed by at least one, and possibly both, Defendants as a driver. On December 18, 2015, Defendants terminated Plaintiff's employment. On October 24, 2017, Plaintiff filed suit against Defendants in Texas state court alleging various violations of state and federal

labor and employment laws.  Defendants' timely removed this case to federal court on December 11, 2017.

On December 18, 2017, both Defendants moved to dismiss Plaintiff's claims against them in their entirety.  As relevant to the pending Motion, Defendant All American Glass Distributors, Inc. ("All American") sought dismissal on the grounds that it never employed Plaintiff, who worked solely for Defendant American Houston Group, LTD ("American Houston").  By Memorandum and Order dated March 20, 2018 (the "M&O") [Doc. # 18], the Court denied All American's request for dismissal on the grounds of its purported lack of an employment relationship with Plaintiff.[1]

On May 31, 2018, the Court entered a Docket Control Order [Doc. # 24] in this case.  Pursuant to the Docket Control Order, the discovery deadline in this matter is November 2, 2018 and the dispositive motion deadline is November 28, 2018.

On August 6, 2018, nearly three months before the discovery deadline in this case, All American filed a Motion for Final Summary Judgment against Plaintiff (the "SJ Motion") [Doc. # 28].  By the SJ Motion, All American seeks summary

---

[1] M&O [Doc. # 13], pp. 10-13.  For additional factual background regarding this case, *see id.*, pp. 2-5.

judgment that it was never Plaintiff's employer and cannot be held liable for any of Plaintiff's claims in this case as a matter of law.

In response to the SJ Motion, Plaintiff filed the pending Motion, which seeks relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Specifically, Plaintiff seeks a sixty (60) day extension to file his response to the SJ Motion because he has outstanding discovery requests that potentially are relevant to the SJ Motion and that discovery to date has produced some evidence that, at a minimum, All American jointly employed Plaintiff along with American Houston. For the following reasons, Plaintiff's Motion has merit and will be **granted** with a modification.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)   defer considering the motion or deny it;

(2)   allow time to obtain affidavits or declarations or to take discovery; or;

(3)   issue any other appropriate order.[2]

---

[2]   FED. R. CIV. P. 56(d).

This Rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (referring to FED. R. CIV. P. 56(f) the predecessor to Rule 56(d)). Motions under Rule 56(d) are "broadly favored and should be liberally granted." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "The Rule 56(d) movant must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id*. (citation and quotations omitted). "If the requesting party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)." *Id.* (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

### III. <u>DISCUSSION</u>

In connection with the Motion, and in accordance with Federal Rule of Civil Procedure 56(d), Plaintiff submitted a sworn declaration in support of the relief he seeks. Plaintiff avers that during the course of his employment he received direction from at least one individual with officer-level roles at both All American and American Houston, and that through discovery to date, he has found documentation indicating that All American and American Houston "are more

4

interrelated than they have represented themselves to be to the Court."[3] Plaintiff also avers that he has been diligent in his pursuit of relevant discovery, but that he needs additional time to explore additional potential avenues of information and to compel production of documents that he has already requested, but which such requests have been denied or insufficiently responded to by Defendants.

In addition to Plaintiff's declaration, also attached to the Motion are various discovery documents in this case. On the whole, these documents corroborate Plaintiff's averments that he has exercised diligence in pursuing discovery on the issue of which of Defendants employed him, that there is a live dispute among the parties regarding the scope of documentary discovery that Plaintiff is entitled to, and that there is some important overlap among the officers of All American and American Houston. While the Court makes no assessment of the ultimate merits of Plaintiff's "joint employer" theory, the Court is persuaded based on Plaintiff's Motion, and his sworn declaration and other evidence attached thereto, that his joint employer theory is plausible, that evidence in support of that theory plausibly exists and is susceptible to collection within the current discovery period in this case, and that such evidence, if adduced, will influence the outcome of the pending

---

[3] Plaintiff's Declaration [Doc. # 29-5], ¶ 8.

SJ Motion.  Accordingly, Plaintiff has met his burden of showing he is entitled to relief under Federal Rule of Civil Procedure 56(d).

The relief Plaintiff seeks in the Motion is for the Court to extend his response deadline for the SJ Motion to October 26, 2018.[4]  The proposed extension date is a mere one week shy of the November 2, 2018, discovery deadline in this case, which itself is over two months away.  It is plausible that over the next two months, the discovery record in this case, *i.e.*, the record on which the SJ Motion is based, may change significantly.  That is particularly true here in light of Plaintiff's averments that he intends to make a concerted effort to further develop the record regarding his joint employer theory, which relates directly to the subject matter of the SJ Motion.  Although Plaintiff is entitled to relief under Rule 56(d), Defendants also should be able to enjoy the full benefit of a more robust and comprehensive discovery record, and should not be prejudiced by having to stand on a motion that was filed based on a different and perhaps incomplete factual predicate.  The Court therefore concludes that the most appropriate relief in this instance, pursuant to Federal Rule of Civil Procedure 56(d)(1), is to **deny** the SJ Motion without prejudice to reurging by All American at the conclusion of the discovery deadline in this case.

---

[4] The current deadline for Plaintiff to file his response to the SJ Motion is August 27, 2018.

6

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Edward Johnson's Opposed Motion to Continue the Deadline for Plaintiff to Respond to Defendant All American Glass Distributors, Inc.'s Motion for Summary Judgment [Doc. # 29] is **GRANTED**. It is further

**ORDERED** that All American's Motion for Final Summary Judgment against Plaintiff [Doc. # 28] is **DENIED WITHOUT PREJUDICE** to reurging following the expiration of the discovery deadline in this case.

SIGNED at Houston, Texas, this  24th  day of **August, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE